# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| LUKE C. CODY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:16-CV-1632 JMB |
| ST. LOUIS COUNTY JUSTICE CENTER, | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff, Luke Cody, an inmate at St. Louis County Justice Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay an initial partial filing fee at this time. As such, no filing fee will be assessed at this time. Furthermore, based upon a review of the complaint, the Court finds that the Court will appoint counsel, and counsel will be required to file an amended complaint in this matter.

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the

complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as the sole defendant in this action is the St. Louis County Justice Center, a non-suable entity. *See Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Plaintiff asserts that he suffers from Hepatitis C and sleep apnea, and he claims that he has sought medical assistance from the doctors and nurses at the County Justice Center. Plaintiff states that since he has been incarcerated at the Justice Center he has not been given his liver medications or medical assistance for his sleep apnea. Plaintiff additionally alleges that he has been told by the medical personnel that he will most likely be given medical treatment in

December of 2016. However, plaintiff has evidence that he has been charged for treatment for the past several months despite never having received any medical treatment.[1]

Plaintiff asserts that immediately prior to being incarcerated, he was being treated by a liver specialist at St. Louis University Medical Center who insisted he had to maintain his Hepatitis C treatment in order to avoid liver cancer and/or liver cirrhosis. Plaintiff states that he suffers from constant abdominal pain and that his stomach is bloated without his liver treatment.

In his request for relief, plaintiff seeks to have his prison account cleared of the negative balance, and he asks for free medical treatment for his Hepatitis C and his sleep apnea.

## Discussion

As noted above, at this time, plaintiff has not named a legally suable defendant in his complaint. However, his claims for deliberate indifference to his medical care, in violation of the Eighth Amendment, are serious and troubling. *See Alberson v. Norris*, 458 F.3d 762, 765-66 (8th Cir. 2006) (A prison official's deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment.). Therefore, the Court will appoint counsel in this matter and allow plaintiff's counsel to amend his complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #5] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall not be required to pay a filing fee at this time.

---

[1] Plaintiff has produced a copy of his prison account balance which shows a **negative** account balance of -$101.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint in this action after counsel is appointed.

Dated this 28th day of November, 2016.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE